UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ALICIA MENDEZ,

    Plaintiff,

v.

LAW OFFICES OF COHEN & SLAMOWITZ LLP, *et al.*,

    Defendants.

Civ. No. 2:11-cv-04504 (WJM)

OPINION

**<u>WILLIAM J. MARTINI, U.S.D.J.</u>:**

Plaintiff Alicia Mendez brings this action against Law Offices of Cohen & Slamowitz, LLC[1] ("Cohen") and Target National Bank ("Target") (collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (2011) ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 (2011) ("FCRA"). This matter comes before the Court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue[2] and Target's motion to dismiss under Federal Rule of Civil Procedure

---

[1] Law Offices of Cohen & Slamowitz, LLC is improperly designated in the caption as "Law Offices of Cohen & Slamowitz LLP."
[2] Following the submission of Target's motion, Cohen submitted a letter "in support of" Target's motion to dismiss for improper venue ("Cohen's Ltr."), but

1

12(b)(6) for failure to state a claim.  The motions are unopposed.  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Defendants' Rule 12(b)(3) motion is **GRANTED** and Plaintiff's claims are **DIMISSED WITHOUT PREJUDICE**.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a consumer residing in Woodside, New York.  Target is a national bank with its main office in Sioux Falls, South Dakota.  Cohen is a debt collection agency with an office in Woodbury, New York.

According to the Complaint, at some unspecified point in time, information appeared on Plaintiff's credit report indicating that Plaintiff had failed to repay a debt she owed to Target.  On April 22, 2010, Plaintiff's attorney sent a letter to Target informing Target that Plaintiff was represented by counsel for purposes of the alleged debt.  On July 2, 2010, Cohen, Target's debt collector, sent a letter directly to Plaintiff regarding the alleged debt.  On July 12, 2010, a letter disputing the debt was sent to Cohen.  Plaintiff alleges that her credit report was never updated to reflect the fact that the debt was in dispute.

---

designated its letter as a "cross-motion seeking dismissal."  Cohen's Ltr. 1, ECF No. 7.  As Cohen's letter provides additional support for Target's claim that venue is improper in this district, the Court will treat Cohen's letter as a motion to join Target's Rule 12(b)(3) motion.

On June 28, 2011, Plaintiff filed a Complaint in the Superior Court of New Jersey, Hudson County, asserting claims against Cohen and Target for violations of the FDCPA and FCRA. Specifically, the Complaint alleges that: (1) Cohen improperly contacted Plaintiff when Cohen knew or should have known that Plaintiff was represented by counsel; and that (2) Cohen and Target should have communicated to the relevant credit reporting agency that the debt was in dispute. On August 9, 2011, Defendants removed the action to this Court. Both Defendants now move to dismiss under Rule 12(b)(3) for improper venue. Target also moves to dismiss under Rule 12(b)(6) for failure to state a claim under the FDCPA and FCRA.

## II. DISCUSSION

### A. Improper Venue

Federal Rule of Civil Procedure 12(b)(3) provides that a motion to dismiss may be made on the basis of improper venue. In the Third Circuit, the burden of demonstrating improper venue is placed on the defendant. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982).

In federal question cases such as this one, venue is governed by 28 U.S.C. § 1391(b) (2011), which provides:

> A civil action wherein jurisdiction is not founded solely on
> diversity of citizenship may, except as otherwise provided by
> law, be brought only in (1) a judicial district where any

> defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because venue is not proper under subsections (1), (2), or (3), venue is improper in this district.

### 1. Venue is Not Proper Under 28 U.S.C. § 1391(b)(1)

Under 28 U.S.C. § 1391(b)(1), venue is proper in a judicial district "where any defendant resides, if all defendants reside in the same State." In other words, venue is proper in this district under subsection (1) only if both Defendants reside in New Jersey. The Court will begin its analysis by determining where Cohen resides.

As a corporation, Cohen is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (2011). Personal jurisdiction over a nonresident defendant is improper unless "the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') [or] the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Helicopteros Nacionales de Colombia, S.A.*

*v. Hall*, 466 U.S. 408, 414, 416 (1984)).  Cohen alleges that it has "no . . . connection to the State of New Jersey."  Cohen's Ltr. 1.  The Complaint alleges that Cohen "does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State."  Compl. Out of State Cert. ¶ 2.  The Complaint does not allege that any of the events giving rise to the cause of action arose from Defendant's activities within New Jersey.

The Court finds that the limited facts alleged in the Complaint are insufficient to rebut Cohen's argument that it has no connection to this district.  There is no basis for specific jurisdiction in this case because there is no allegation that any of the events took place in this district.  Similarly, the Complaint's conclusory allegation that Cohen does business in New Jersey falls far short of pleading that Cohen has the continuous and systematic contacts with New Jersey that are necessary to give rise to general jurisdiction, especially in light of Plaintiff's admission that Cohen does not have an address in this state.

Because Cohen is not subject to personal jurisdiction in New Jersey, Cohen does not reside in this district for purposes of 28 U.S.C. § 1391(c).  Because both defendants do not reside in New Jersey, venue in this district is not proper under subsection (1).

        2.    **Venue is Not Proper Under 28 U.S.C. § 1391(b)(2)**

Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." Cohen correctly argues that the Complaint fails to allege that any part of the underlying events took place in New Jersey. In fact, based on the Complaint, there is no discernible connection between Plaintiff and New Jersey. Thus, venue in this district is improper under subsection (2).

### 3. Venue is Not Proper Under 28 U.S.C. § 1391(b)(3)

Under 28 U.S.C. § 1391(b)(3), venue is proper in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." The first step of this inquiry is to determine whether there is any "district in which the action may otherwise be brought" under subsection (1) or (2). *Id.*

Under 28 U.S.C. § 1391(b)(1), venue is not proper in any district because Defendants do not reside in the same state. Cohen's main office is located in Woodbury, New York, which means that Cohen is subject to personal jurisdiction in the Eastern District of New York. Target's main office is located in Sioux Falls, South Dakota, which means that Target is subject to personal jurisdiction in the District of South Dakota. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316-17 (2006) (national banks are treated like any other corporation for purposes of

determining venue); *Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984) ("[N]ational banks may now be sued as any other corporation" under 28 U.S.C. § 1391(c)).  Neither party alleges any facts that would support subjecting Defendants to personal jurisdiction in the same state.

Under 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of New York and may be proper in other districts.  The Complaint alleges that Cohen inappropriately contacted Plaintiff regarding a debt and inappropriately failed to report that the debt was in dispute, but the Complaint fails to specify where these events took place.  Both Plaintiff and Cohen are located in eastern New York, however, so the most reasonable inference is that the alleged communication and the alleged inaction took place in New York.  In addition, Target claims that it may have "dealt with" Plaintiff in Woodside, New York, Minneapolis, Minnesota, Sioux Falls, South Dakota, or Tempe, Arizona (Target's Mot. to Dismiss 7, ECF No. 3), so venue may also be proper in the District of Minnesota, the District of South Dakota, or the District of Arizona.

Because venue is proper in at least one other district under subsection (2), venue does not arise under 28 U.S.C. § 1391(b)(3).

*   *   *   *

The Court finds that Defendants satisfied their burden of proving that venue in this district is improper under 28 U.S.C. § 1391.  As a result, the Court will

dismiss the action without prejudice and allow Plaintiff to re-file the action in a proper venue.  *See* 28 U.S.C. § 1406(a) (2011).

### B. Failure to State a Claim

Because venue in this district is improper, the Court does not reach the merits of Target's Rule 12(b)(6) motion.

### III. CONCLUSION

For the reasons stated above, Defendants' Rule 12(b)(3) motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 17, 2011.**